**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUDOLPH AND ME, INC.,**

    **Plaintiff,**

v.                                                                                    Case No.  8:07-cv-1472-T-30MSS

**RAUCH INDUSTRIES, INC., et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Christopher Radko's ("Radko") Motion to Dismiss Complaint (Dkt. 27), Plaintiff's Memorandum of Law in opposition to the same (Dkt. 29), Plaintiff's Motion to Dismiss Counterclaim, or, Alternatively, Motion for More Definite Statement (Dkt. 30), and Defendants Rauch Industries, Inc. ("Rauch") and Starad Inc.'s ("Starad") response in opposition to the same (Dkt. 32).  The Court, having reviewed the motions, responses, and supporting memoranda, and being otherwise fully advised in the premises, determines that both motions should be denied.

**Background**

Plaintiff, Rudolph and Me, Inc. ("RMI" or "Plaintiff" ), is a Florida corporation engaged in the business of designing, manufacturing, and distributing Christmas ornaments and decorations.  Plaintiff alleges that Radko, Rauch, and Starad (collectively, "Defendants") have copied and made derivatives of Plaintiff's Christmas ornaments without a license or the

authority to do so. Plaintiff further alleges that Defendants have (i) advertised the ornaments on their websites without attributing authorship or ownership to Plaintiff, (ii) sold the ornaments directly to ultimate consumers, and (iii) packaged, marketed, and advertised the ornaments in a false or misleading way by holding them out to be Defendants' original designs. As a result, Plaintiff filed the instant lawsuit, alleging federal and state law claims for copyright infringement, reverse passing off and/or passing off, false or misleading advertising, unfair competition, and unjust enrichment. Radko has moved to dismiss Plaintiff's Complaint against him individually.

## **Legal Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## Discussion

### I.     Radko's Motion to Dismiss

Radko claims that Plaintiff has failed to state a claim against him individually for copyright infringement. As stated in <u>Lajos v. duPont Publishing, Inc.</u>, 888 F. Supp. 143, 147 (M.D.Fla. 1995), which was cited by Radko, in order to state a claim against a corporate officer for copyright infringement, "that officer must have: 1) dominant influence in the corporation, 2) the capacity to control the acts of the corporation, 3) the ability to supervise the infringing activity, and 4) either a financial interest in the infringing activity, or have personally participated in the activity." (*citing Quartet Music v. Kissimmee Broadcasting, Inc.,* 795 F. Supp. 1100, 1103 (M.D.Fla. 1992) (additional citations omitted)). Radko claims that because Plaintiff has failed to specifically allege each of these elements, the claims against him should be dismissed.

The Court does not agree. In *Lajos*, the court considered that an individual defendant was the president of the corporate defendant being sued for copyright infringement. *Id.* Viewing the subject claim in the light most favorable to the plaintiff, the court denied the individual defendant's motion to dismiss, reasoning that it was possible the plaintiff, "as President of [the corporate defendant], meets the requirements delineated in *Quartet Music* to be held personally liable for the alleged actions of [the corporate defendant]."

Here, Plaintiff has alleged that Radko is a designer of glass ornaments, an officer or employee of Rauch and/or Starad, a member of the board of directors of Rauch, and the president of the "Christopher Radko" division of Rauch. Furthermore, Plaintiff alleges that Starad is or was operated by Radko, and that Rauch acquired Starad in or about 2005. Starad is also identified in the Complaint as "Starad Inc. d/b/a Christopher Radko Company." Taking these allegations into consideration, the Court concludes that Plaintiff's Complaint meets the requirements delineated in *Lagos* and *Quartet Music*. Accordingly, the Court concludes Radko's Motion to Dismiss should be denied.

## II.     Plaintiff's Motion to Dismiss Counterclaim

In response to the Plaintiff's Complaint, Rauch and Starad filed an Answer, Affirmative Defenses and Counterclaim for Declaratory Judgment (Dkt. 26). Plaintiff subsequently moved to dismiss the counterclaim, or alternatively sought a more definite statement regarding the counterclaim. In response, Rauch and Starad amended their answer, affirmative defenses, and counterclaim (Dkt. 31). Plaintiff has filed an answer and affirmative defenses in response to the amended counterclaim, but has not moved to dismiss it. Accordingly, the Court concludes that Plaintiff's motion to dismiss the original counterclaim should be denied as moot.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Christopher Radko's Motion to Dismiss Complaint (Dkt. 27) is **DENIED**.

2. Plaintiff's Motion to Dismiss Counterclaim, or, Alternatively, Motion for More Definite Statement (Dkt. 30) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on February 21, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1472.mtd.frm