**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUDOLPH AND ME, INC.,**

    **Plaintiff,**

v.                                                     Case No. 8:07-cv-1472-T-30MSS

**RAUCH INDUSTRIES, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim or, Alternatively, Motion for More Definite Statement (Dkt. 37). Defendant Christopher Radko has failed to timely respond to the instant motion. The Court, having reviewed the motion without the benefit of a response, and being otherwise fully advised in the premises, determines the motion should be denied.

Plaintiff, Rudolph and Me, Inc. ("Plaintiff"), is engaged in the business of designing, manufacturing, and distributing Christmas ornaments and decorations. Plaintiff alleges Defendants, including Christopher Radko, have copied and made derivatives of Plaintiff's Christmas ornaments without a license or the authority to do so. As a result, Plaintiff filed the instant lawsuit, alleging federal and state law claims for copyright infringement, reverse passing off and/or passing off, false or misleading advertising, unfair competition, and unjust enrichment. Radko has filed a Counterclaim alleging one or more of Plaintiffs' copyrights "are invalid and unenforceable based upon failure to comply with the Copyright laws of the

United States, 17 U.S.C. §§ 101 *et seq.,*" and claiming Radko has not infringed on any valid copyrights. (*See* Paragraph 7 of Radko's Counterclaim, Dkt. 35, page 8). Plaintiff argues Radko's allegations fail to provide an adequate basis for the Counterclaim

To warrant dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all factual allegations as true and to evaluate all inferences derived from those facts in the light most favorable to the non-moving party. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a claim must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a claim must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

Plaintiff argues Radko's allegations do not provide fair notice of the basis of his claim. Plaintiff claims Radko has not stated what law Plaintiff has failed to comply with, or otherwise identified a basis for his allegations that Plaintiff's copyrights are neither valid nor enforceable.

Upon review, the Court recognizes the Counterclaim does specifically allege why the subject copyrights are invalid and/or unenforceable.  However, the validity of Plaintiff's copyrights is a factual question more appropriately addressed at the summary judgment stage. Radko's statement is sufficient to state a claim for relief that is plausible on its face. Accordingly, Plaintiff's motion should be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaim or, Alternatively, Motion for More Definite Statement (Dkt. 37) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1472.mtd counterclaim.frm